IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERARDO GARCIA GONZALEZ,

        Petitioner,

v.

BRAD CAIN,

        Respondent.

Case No. 2:17-cv-00508-SU

ORDER

SULLIVAN, Magistrate Judge.

This 28 U.S.C. § 2254 habeas corpus case comes before the Court on Respondent's Motion to Dismiss and Deem Refiled (#28). Petitioner, proceeding *pro se,* has not responded to the Motion, leaving the Motion unopposed.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "In general, a habeas petition should be

1 - ORDER

dismissed if a petitioner has failed to exhaust state remedies as to even one claim." *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994 (citing *Rose*). The proper time to determine whether a petitioner has exhausted his state court remedies is at the time he files his federal habeas corpus petition. *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993). A habeas corpus action that is filed prior to the completion of exhaustion should be dismissed without prejudice. *Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008).

It is uncontroverted that at the time Petitioner filed this federal habeas corpus action, the appellate judgment in his post-conviction case had not yet issued.[1] As a result, the case is premature and subject to dismissal. To resolve this problem in an efficient manner, Respondent asks the Court to Dismiss the Petition without prejudice, deem the Petition refiled so as to continue within the same case, and further deem the Petition refiled as of March 23, 2017 (one day after the appellate judgment issued in Petitioner's post-conviction case).

The Court allows the unopposed Motion to Dismiss without prejudice to the extent that it shall direct the Clerk to

---

[1] Pursuant to the Prison Mailbox Rule, Petitioner filed his Petition for Writ of Habeas Corpus on March 14, 2017 when he signed the pleading. *See Saffold*

administratively close and reopen this case. This will avoid the somewhat cumbersome steps associated with either directing the Clerk to transfer various documents to a new case, or requiring Petitioner to file a new case altogether. The Petition is deemed refiled as of January 10, 2018, the date of Respondent's Motion.[2]

### CONCLUSION

Petitioner's Motion to Dismiss and Deem Refiled (#28) is granted to the extent that the Clerk shall administratively close and reopen this case. The Court deems the Petition (#2) refiled as of January 10, 2018. Petitioner's supporting memorandum remains due March 12, 2018.

IT IS SO ORDERED.

DATED this  8th  day of February, 2018.

>     /s/ Patricia Sullivan
>     Patricia Sullivan
>     United States Magistrate Judge

---

*v. Newland*, 224 F.3d 1087, 1091 (9th Cir. 2000). His PCR appellate judgment did not become effective until March 22, 2017. Respondent's Exhibit 133.
[2] The Court notes that Respondent appears to waive any statute of limitations argument where he: (1) asks the Court to recognize March 23, 2017 as the filing date for this action; and (2) has not raised a statute of limitations defense in his Answer or Response to the Petition.

3 – ORDER